Christopher D. Boyd
Adams County Prosecuting Attorney
P.O. Box 604
Council, ID 83612
Telephone: (208) 253-4141
Fax: (208) 498-9721
cboyd@co.adams.id.us

Lawson E. Fite (Ore. Bar #055573), *Pro Hac Vice*
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
lfite@amforest.org

Attorneys for Defendant-Intervenors

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, et al., <br><br> Defendants, <br><br> PAYETTE FOREST COALITION, an unincorporated Idaho association, and ADAMS COUNTY, a political subdivision of the State of Idaho, <br><br> Defendant-Intervenors. | No. 1:19-cv-00445-BLW <br><br><br> **INTERVENORS' MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT** <br><br> [Fed. R. Civ. P. 59(e)] |

## I.   INTRODUCTION

Defendant-intervenors Payette Forest Coalition and Adams County hereby move this

Court to alter or amend its Judgment of August 11, 2020, ECF No. 40, pursuant to Fed. R. Civ.

P. 59(e).  Specifically, the Coalition and County request the Court amend the judgment to be

MEMO. IN SUPP. OF MOTION TO ALTER OR AMEND JUDGMENT – PAGE 1

consistent with plaintiffs' claims in this case and precedent requiring that relief be no more than necessary to redress claims. Plaintiffs' only operative claim arose under the National Forest Management Act (NFMA), arguing that certain project activities would be inconsistent with the Forest Plan. The Court should make clear that project authorizations are vacated only as to the challenged activities, commercial timber management within lands classified as Management Prescription Category (MPC) 5.2.

## II.     LEGAL STANDARD

The Court has "considerable discretion" to amend its judgment on a motion under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The Ninth Circuit has identified four general factors to evaluate. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cult. Center*, 116 F.R.D. 645, 648 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir.1988)). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263.

Amendment under rule 59(e) is appropriate to correct calculation errors and the like. *United States v. King Mountain Tobacco Co., Inc.*, 899 F.3d 954, 958 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2691 (2019); *Lubecki v. Omega Logging, Inc.*, 674 F.Supp.501, 513 (W.D. Pa. 1987); *Commercial Assocs. v. Tilcon Gammino, Inc.*, 801 F.Supp.939, 942 (D.R.I. 1992), *aff'd*, 998 F.2d 1092 (1st Cir. 1993). It may also be used to align the remedy with the underlying opinion in Administrative Procedure Act (APA) cases. *See Idaho Conservation League v. U.S. Forest Serv.*, No. 1:18-CV-504-BLW, Mem. Decision & Order, ECF No. 53 (D. Idaho May 4, 2020) (granting motion to amend judgment to incorporate vacatur). Further, an amendment may

MEMO. IN SUPP. OF MOTION TO ALTER OR AMEND JUDGMENT – PAGE 2

be granted where there has been a misapprehension of the position of the parties involved. *W. Wood Preservers Inst. v. McHugh*, 292 F.R.D. 145, 150 (D.D.C. 2013); *All W. Pet Supply Co. v. Hill's Pet Prod. Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994).

## III. ARGUMENT

Reconsideration, and amendment of the judgment, is appropriate under Rule 59(e) to avoid manifest injustice, align the judgment with the opinion and administrative law principles, and correct for plaintiffs' attempt to obtain a judicial windfall.

### A. Remedies must be limited to those necessary to redress the harm alleged.

In *Monsanto*, the Supreme Court vacated a nationwide injunction, holding that "[i]f a less drastic remedy (such as partial or complete vacatur of APHIS's deregulation decision) was sufficient to redress respondents' injury, no recourse to the additional and extraordinary relief of an injunction was warranted." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66 (2010). Similarly, the Ninth Circuit has held that injunctive relief "must be tailored to remedy the specific harm alleged." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991). In *Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644 (9th Cir. 2011) Accordingly, the Court of appeals vacated a nationwide injunction and remanded for "entry of an injunction that is no broader, and no more burdensome to the defendant, than necessary to provide complete relief." *Id.* 665. The same principles apply to vacatur, itself a type of equitable relief. *See Gov. C.L. "Butch" Otter v. Salazar*, No. 1:11-CV-00358-CWD, 2012 WL 12517198, at *3 (D. Idaho Dec. 4, 2012) (vacatur governed by equitable considerations); *Pollinator Stewardship Council v. U.S. E.P.A.*, 806 F.3d 520, 532 (9th Cir. 2015). Vacatur is "a form of equitable relief that the Court may award, withhold, and craft to fit the circumstances of the case before it." *Sierra Forest Legacy v. Sherman*, 951 F.Supp.2d 1100, 1106 (E.D. Cal. 2013).

Further, courts "normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987) (Arnold, J., *concurring in denial of reh'g en banc*)). In other words, a plaintiff is not entitled to relief that it did not ask for or which is beyond the scope of its claims. Where, as here, a plaintiff improperly attempts to expand the scope of a judgment and of its case, clarifying amendments are necessary and appropriate. "Both partial and complete vacatur of the offending agency action are acceptable forms of relief under the APA." *Southeast Alaska Conservation Council v. United States Forest Serv.*, 443 F. Supp. 3d 995, 1022 n.217 (D. Alaska 2020). For that reason, in a recent case, Judge Morris of the District of Montana issued a partial vacatur of Nationwide Permit 12. *N. Plains Res. Council v. U.S. Army Corps of Engineers*, No. CV 19-44-GF-BMM, 2020 WL 3638125, at *3 (D. Mont. May 11, 2020).

**B.      Relief should be limited to the MPC 5.2 areas because those are the only areas where harm could occur.**

Plaintiffs have been clear that their concern is only with commercial timber management activities in MPC 5.2. Its motion for summary judgment proceeded only "on claims and requests for relief associated with National Forest Management Act (NFMA), 16 U.S.C. § 1600, et seq." Pls.' Mot. Summ. J., ECF No. 17, at 1 (Apr. 10, 2020). The standing declarations are to the same effect. Decl. of Sara Jane Johnson, ECF No. 17-10, ¶ 8 (claiming harms are actual and imminent "due to the agencies' failure to comply with the requirements of the Payette Forest Plan and the National Forest Management Act"); Decl. of Ron Mitchell, ECF No. 17-11, ¶ 6 (identifying project areas at north end of Rough Finn Stewardship contract area, which is in MPC 5.2, as shown in the map attached as Ex. A to Decl. of Linda Jackson, at ECF No. 43-2); Decl. of Brian Ertz, ECF No. 17-12, ¶¶ 6, 18 (tying interest to Rough Finn); Second Ertz Decl., ECF No. 28-4, ¶¶ 6, 18 (identical to first Ertz Declaration but changing interest to Bertha's Run

operating area, also within MPC 5.2).

This narrowness is repeated in the Complaint:

> 48. The short-term desired conditions used for the forested vegetation analysis in the FEIS are different than the long-term desired conditions contained in the Forest Plan *for the portion of the project area allocated to MPC 5.2* in the Forest Plan.
> 49. The 2019 LCBC Project is violating binding standards and guidelines *in the area that is currently MPC 5.2* and was, therefore, in violation of the Forest Plan.
> * * *
> 51. The 2019 LCBC Project is inconsistent with the desired vegetative conditions set forth in the Payette Forest Plan *for the areas within the project area that are MPC 5.2*.
> 52. With its approval of the 2019 LCBC Project, the Forest Service is abandoning desired conditions in favor of the implementation of actions that aim for entirely different conditions *in the MPC 5.2 area*, without consideration of effects in the long term.
> * * *
> FIRST CLAIM FOR RELIEF VIOLATION OF NFMA AND APA
> Failure to Comply with Payette National Forest LRMP
> * * *
> 62. The 2019 LCBC Project violates NFMA and its implementing regulations because it is inconsistent with the Payette Forest Plan.
> 63. Implementation of the activities that were approved in the 2019 LCBC Project will effectively eliminate MPC 5.2 and replace it with MPC 5.1, which affects a significant portion of forest in the Project area.
> 64. The management activities that were approved by defendants violate binding standards and guidelines *in the areas that are currently MPC 5.2* in a manner that causes the 2019 LCBC Project to violate the Forest Plan.
> 65. The 2019 LCBC Project is inconsistent with the desired vegetative conditions set forth in the Payette Forest Plan *for areas that are designated as MPC 5.2*.
> * * *
> 72. Defendants' actions *as described above* are arbitrary, capricious, not in accordance with law, and without observance of procedures required by law, within the meaning of the APA, 5 U.S.C. § 706.

Complaint, ECF No. 1, at 9–11 (Nov. 18, 2019) (emphasis added).  Plaintiff has no quarrel with activities outside MPC 5.2, nor with non-commercial vegetative management within MPC 5.2.  Although the Complaint contained a NEPA claim, plaintiff did not proceed with it at summary judgment, and there are no NEPA claims at issue.  Mem. & Opinion, ECF No. 39, at 2–3 (Aug. 11, 2020); USFS Mem. in Supp. of

MEMO. IN SUPP. OF MOTION TO ALTER OR AMEND JUDGMENT – PAGE 5

Summ. J., ECF No. 25-1, at 36.

    Plaintiffs' briefing also reflected the narrow scope of their claims:

> The entire Project Area totals 78,516 acres. FS080345. Nearly half of that, 32,000 acres, is currently assigned as MPC 5.2 by the Forest Plan. *Id.* This means that approximately 32,000 acres will be logged using the MPC 5.1 desired conditions in the Forest Plan despite that they are identified as MPC 5.2 areas. The Lost Creek Project continues to violate the Payette Forest Plan <u>*because it will manage these 32,000 acres*</u> of forest land with a Restoration and Management Emphasis as if it were MPC 5.1.

Pl. MSJ at 23 (emphasis added).  Plaintiffs' response/reply continues:

> The Forest Service, Adams County, and the Payette Forest Coalition attempt to convince this court that habitat restoration is a more worthy goal to pursue in the Commodity Production areas than timber production. But no matter how worthy the goal, the Forest Service cannot pursue its own preferences <u>*for management of 32,000 acres of Forest land*</u> when its goal deviates from the management direction in the Payette Forest Plan for that land.
> \* \* \*
> As the Ninth Circuit concluded, the implementation of the desired conditions for MPC 5.1 <u>*in the MPC 5.2 areas*</u> by the Lost Creek Project is inconsistent with the Payette Forest Plan.

Pls.' SJ Reply, ECF No. 27, at 1,9 (May 22, 2020) (emphasis).

    Thus, the reasoning in the Court's opinion is similarly narrow.  The Court notes "the Project will violate the desired conditions <u>*in MPC 5.2*</u>." Mem. & Op. at 5 (emphasis added).  The Court did not specifically address remedy.  Plaintiffs indicated a desire to vacate the entire LCBC project, Pls.' SJ Mem. at 28-29, but offered no justification for such a sweeping remedy, only assuming that full vacatur would be appropriate.  And in the reply, plaintiffs again focused on narrow aspects of the project, arguing that "[v]acating the decision would prevent the Forest Service from moving forward with logging activities that are inconsistent with the Payette Forest Plan." Pls. Reply at 22.  Of course, the only activities this could refer to are those within the MPC 5.2 areas.

MEMO. IN SUPP. OF MOTION TO ALTER OR AMEND JUDGMENT – PAGE 6

      **C.**    **A narrow remedy is in the public interest and necessary to avoid injustice.**

An overbroad remedy would result in prejudice. As the Declaration of Frank Schwartz describes, there are ample activities within MPC 5.1, and non-logging actions within MPC 5.2, where implementation will improve landscape conditions, help fish and wildlife, and reduce risks of catastrophic fire. Schwartz Decl. ¶¶ 4-9. Significant restoration work is planned over decades, and further delay of work that no one challenges is a disservice to the public and creates further risk on the forest. *Id.* ¶ 6. It is also inconsistent with Congress' purpose in establishing the Collaborative Forest Landscape Restoration Program, "to encourage the collaborative, science-based ecosystem restoration of priority forest landscapes through a process" which "encourages ecological, economic, and social sustainability," and which reduces wildfire management costs "through reestablishing natural fire regimes and reducing the risk of uncharacteristic wildfire," and which demonstrates how science-based forest management can produce byproducts to "offset treatment costs while benefitting local rural economies and improving forest health." 16 U.S.C. §§ 7301(1), (3), (4)(A)(i), (4)(B).

Amending the judgment is consistent with the Court's ruling in *Idaho Conservation League*, No. 1:18-cv-00504-BLW, and not just because the plaintiff there is a member of the PFC. In that case, the Court declined to "split" the project at issue because of concerns about NEPA. *Id.*, 5/4/20 Order at 4. Here, there are no NEPA issues, and a full EIS has been conducted. If the Forest Service wishes to conduct any of the commercial activity in MPC 5.2, it would need to conduct any appropriate analysis at that time.

MEMO. IN SUPP. OF MOTION TO ALTER OR AMEND JUDGMENT – PAGE 7

## IV. CONCLUSION

The Court should amend its judgment to clarify that vacatur and/or injunctive relief applies only to commercial timber activities in the MPC 5.2 areas.

Respectfully submitted this 8th day of September, 2020.

<u>/s/ Lawson E. Fite</u>
Lawson E. Fite (Ore. Bar #055573)
*Pro Hac Vice*
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
lfite@amforest.org

Christopher D. Boyd
Prosecuting Attorney
Adams County Prosecutor's Office
P.O. Box 604
Council, ID 83612
Telephone: (208) 253-4141
Fax: (208) 498-9721
cboyd@co.adams.id.us

Attorneys for Defendant-Intervenors