UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES; IDAHO SPORTING CONGRESS; and NATIVE ECOSYSTEMS COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>Defendants,<br><br>PAYETTE FOREST COALITION, an unincorporated Idaho association, and ADAMS COUNTY, a political subdivision of the State of Idaho,<br><br>Defendant-Intervenors. | Case No. 1:19-cv-00445-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are Federal Defendants' (Dkt. 43) and Defendant-Intervenors' (Dkt. 44) Motions to Alter or Amend Judgement. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motions.

# BACKGROUND

This case concerns the Lost Creek-Boulder Creek Landscape Restoration Project proposed in the Payette National Forest. FS078848-FS078980. The Forest Service issued a Final Environmental Impact Statement (FEIS) for the Project in March, 2014, and a Record of Decision (ROD) approving the Project on September 5, 2014. FS077765-FS78670. FS078848-FS078980.

This Court found that the Project did not violate the National Forest Management Act (NFMA). On appeal, the Ninth Circuit held that the Project was inconsistent with the Payette National Forest Plan and, therefore, inconsistent with the NFMA. *Alliance for the Wild Rockies v. United States Forest Serv.*, 907 F.3d 1105, 1109 (9th Cir. 2018). The Ninth Circuit's decision focused on the activities within the Management Prescription Category (MPC) 5.2 areas and the definition of "Old Forest." However, significantly for our purposes here, the Circuit vacated the Forest Service's ROD in its entirety. *Id.* at 1121-1122.

The case was remanded to the Forest Service for further proceedings. The Forest Service responded by issuing a 2019 FEIS and ROD that did not change the Project, but purported to provide the explanation required by the Circuit and the 2003 Forest Plan. Those documents make it clear that the Project will still utilize the desired conditions for MPC 5.1 (larger trees and less canopy cover) in all of the

MEMORANDUM DECISION AND ORDER - 2

MPC 5.2 areas for the purpose of emphasizing habitat restoration and conservation. *See* FS2-081542-544.

Plaintiffs challenged the 2019 FEIS and ROD, arguing that they contained the same flaws that existed in the 2014 FEIS and ROD and failed to include the justification required by the 2003 Forest Plan and the Ninth Circuit. Without restating this Court's previous analysis, this Court concluded that the Forest Service's 2019 ROD did not comply with the Circuit's decision and failed to explain "how the switch from MPC 5.2 to MPC 5.1 would move all components toward their desired conditions over the long term, as it is required to do under the 2003 Plan and agency regulations." *See* Dkt. 39 at 6; *Alliance,* 907 F.3d at 1115. The Court granted Plaintiffs' motion for summary judgment, denied Defendants', and entered judgment in favor of Plaintiffs. Dkt. 39.

Defendants have now filed a motion to alter or amend the judgment pursuant Rule 59(e), arguing that the Court failed to address the proper remedy in its August 11, 2020 decision granting Plaintiffs' Motion for Summary Judgment. *See* Dkt. 39, 43, 44. Defendants argue that equity demands that the Court alter or amend its judgment to clarify that only project activities involving forest vegetation management on lands designated MPC 5.2 are enjoined or vacated and that all authorized project activities located on lands outside MPC 5.2, and non-forest vegetation management activities within lands designated MPC 5.2 may continue.

## LEGAL STANDARD

Rule 59(e) allows a litigant to move "to alter or amend a judgment" within 28 days from entry of the judgment. Suspending the finality of a challenged judgment does not mean that Rule 59(e) provides a 28-day "open season" on that judgment. While a Rule 59(e) motion to alter or amend a judgment may be used to substantively challenge a court's entry of judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008).

Although district courts have considerable discretion when addressing motions to amend a judgment, "a Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A Rule 59(e) motion may be granted upon four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (Internal citations and quotation marks omitted).

# ANALYSIS

Defendants are attempting to relitigate the issue of proper remedy. The vacatur remedy that the Defendants are requesting was briefed when this Court granted Plaintiff's Motion for Summary Judgment.[1] A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *See Exxon Shipping Co.*, 554 U.S. at 485 n.5. Here, Defendants had ample opportunity to brief the issue of vacatur of the entire 2019 ROD and, indeed, they did. While the Court did not explicitly discuss the remedy in its Order, it considered the remedy and granted Plaintiffs' motion for summary judgment which requested the Court vacate the 2019 ROD. The Defendants and Defendant-Intervenors are now asking the Court to expend its resources on considering, yet again, an issue it has already considered and decided.

---

[1] The application and appropriateness of the vacatur remedy was briefed by all parties before the Court issued its final decision to grant Plaintiffs Motion for Summary Judgment and deny Defendants' Cross Motions for Summary Judgment. *See* Dkt. 17-1 at 32–33 (Plaintiffs' brief on summary judgment); Dkt. 24-1 at 21 (Intervenors brief on summary judgement); Dkt. 25-1 at 36–38 (Federal Defendants' brief on summary judgment); Dkt. 27 at 26–27(Plaintiffs' brief in response); Dkt. 34 at 20–21(Federal Defendants' brief in reply). In its brief, the Forest Service asked the court for the "opportunity for additional briefing on the proper remedy" should "the Court find any legal error in the Forest Service's decision and believe that equitable relief is appropriate[.]" Dkt. 25-1 at 36–38. The Forest Service repeated this request in their reply. Dkt. 34 at 21.

Defendants and Defendant-Intervenors fail to allege the discovery of new evidence, a change in controlling law, or clear legal error. The only issue before the Court is whether its final judgment resulted in a manifest injustice. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue. Defendants argue that vacatur of the ROD in its entirety would be manifestly unjust because it would vacate approval of numerous beneficial project activities that were not challenged in this case.

While not explicitly discussed in its Order, the Court did consider the proper remedy, determining that it was vacatur of the 2019 ROD, as requested by Plaintiffs. *See* Dkt. 39. The Court did not find then, and does not find now, that equity demands less than total vacatur of the 2019 ROD. *See All. for the Wild Rockies,* 907 F.3d 1105 at 1121. Nor does the Court find that vacatur of the 2019

ROD would be manifestly unjust. Accordingly, the Court will deny the motions to amend the judgment.

## ORDER

**IT IS ORDERED** that Defendants' and Intervenors' Motions to Alter or Amend the Judgment (Dkt. 43, 44) are **DENIED**.

DATED: December 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge